Paul B. Mengedoth (018507)
**MENGEDOTH LAW FIRM LLC**
2425 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016
Tel: (602) 224-7878
Fax: (602) 224-7879
E-mail:  paul@mengedothlaw.com

Attorneys for Plaintiff Scott H. Zwillinger

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Scott H. Zwillinger, a married individual, | Case No. 07-1794 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| OSI Collection Services, Inc., a Delaware corporation, | |
| Defendant. | |

### COMPLAINT AND JURY DEMAND

Plaintiff Scott H. Zwillinger, by and through the undersigned, alleges as follows:

1

## I. PRELIMINARY STATEMENT

1. Plaintiff Scott H. Zwillinger brings this action against OSI Collection Services, Inc. ("OSI") seeking redress for OSI's violations of the federal Fair Debt Collection Practices Act, 15. U.S.C. § 1692 *et seq*. ("FDCPA"). Defendant engaged in deceptive, unfair and/or abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover his actual damages, statutory damages, as wells as his reasonable attorneys fees and costs.

## II. PARTIES, JURISDICTION AND VENUE

2. Plaintiff Scott H. Zwillinger is a resident of Maricopa County, Arizona. Mr. Zwillinger is a "consumer" as that term is defined 15 U.S.C. § 1692a(3).

3. Defendant OSI is a Delaware Corporation registered in the State of Arizona as a foreign corporation and does business in the State of Arizona at 20401 N. 29th Avenue #110, Phoenix, Arizona 85207. Defendant OSI's registered agent for all service of process is CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona 85016.

4. Defendant OSI is, and at all times relevant hereto was, a "debt collector" as that term is defined by 1692a(6). Defendant OSI regularly attempts, directly or indirectly, to collect debts that are due or owing or asserted to be due and owing to another, and acquires consumer debts in default for the purposes of collection. Defendant OSI is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0001430.

5. This Court has jurisdiction over the subject matter of and parties in this action under 15 U.S.C. § 1692k(d) and 28 U.S.C § 1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from the acts of the Defendant perpetrated therein.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates each of the foregoing allegations as if fully set forth hereafter.

7. On or about July 19, 2007, OSI sent Mr. Zwillinger by United States mail a dunning letter demanding payment from Mr. Zwillinger for a debt Mr. Zwillinger allegedly owed to MTA Bridges & Tunnels EZ Pass ("First Dunning Letter").

8. The debt allegedly due and owing to MTA Bridges & Tunnels EZ Pass ("MTA") is a "consumer debt" as that term is defined under 15 U.S.C § 1692a(5).

9. A true and correct copy of OSI's First Dunning Letter is attached hereto and incorporated hererin by reference as **Exhibit A.**

10. On or about July 24, 2007, Mr. Zwillinger received OSI's First Dunning Letter. Upon receiving the First Dunning Letter, Mr. Zwillinger was very angry and distressed.

11. On or just prior to July 31, 2007, Mr. Zwillinger retained the undersigned attorney to represent him to dispute the validity of the alleged MTA debt.

12. On or about July 31, 2007, Mr. Zwillinger sent OSI a letter via United States mail, postage prepaid and return receipt requested, to OSI ("Demand for Verification and Notice of Representation"). In his letter, Mr. Zwillinger unequivocally advised OSI that he was represented by the undersigned counsel, and stated that Mr. Zwillinger did not owe any debt to MTA, demanded verification of the alleged debt be provided to the undersigned, and not to contact him again.

13. A true and correct copy of Mr. Zwillinger's Demand for Verification and Notice of Representation is attached hereto as **Exhibit B**.

14. OSI received Mr. Zwillinger's Demand for Verification and Notice of Representation prior to August 11, 2007.

15. On or about August 11, 2007, OSI then sent Mr. Zwillinger another dunning letter demanding payment to it on the same alleged MTA debt ("Second

Dunning Letter"). Upon receiving the Second Dunning Letter, Mr. Zwillinger was very angry and distressed.

16. A true and correct copy of OSI's Second Dunning Letter is attached hereto and incorporated herein by reference as **Exhibit C.**

17. Sometime the week later, Defendant OSI telephoned Mr. Zwillinger at his home and demanded payment of the debt allegedly owing to MTA ("First Telephone Demand"). An employee of Defendant OSI advised OSI knew Mr. Zwillinger was represented by an attorney and disputed the debt, but nevertheless demanded Mr. Zwillinger pay the debt.

18. Upon receiving the First Telephone Demand from Defendant OSI, Mr. Zwillinger again became very angry and distressed.

19. On or about August 21, 2007, OSI again telephoned Mr. Zwillinger at his home for the purposes of continuing collection of the alleged MTA debt. Defendant MTA, using a automated dialing device, left a pre-recorded telephone message at Mr. Zwillinger's home stating that there "was a pending matter in our office which involved you and to call back as soon as possible to resolve this matter" and left a toll free telephone number to call.

20. In response to the telephone message, Plaintiff's spouse contacted Defendant OSI later that same day, August 21, 2007, and spoke with OSI's employee Paula Rowen. Ms. Rowen stated to Plaintiff's spouse that she and OSI were aware Plaintiff disputed the alleged debt to MTA, that Plaintiff was represented by the undersigned for the purposes of disputing the alleged debt, but OSI nevertheless intended to collect the alleged debt ("Second Telephone Demand").

21. Plaintiff's spouse relayed the entirety of the Second Telephone Demand to Mr. Zwillinger, whereupon Mr. Zwillinger again became very angry and upset.

22. Defendant OSI has never provided Plaintiff nor his undersigned attorney verification of the alleged indebtedness, nor has Defendant OSI contacted the undersigned attorney regarding Plaintiff's alleged debt to MTA.

4

23. At the time Defendant OSI sent the First Dunning Letter, the alleged debt to MTA had been owing for no less than six years, and was beyond the applicable statute of limitations.

24. Upon information and belief, Defendant knew of should have known that the debt was stale and beyond the applicable statute of limitations and the Mr. Zwillinger was represented by the undersigned.

25. As a result of Defendant OSI's actions, Plaintiff has suffered actual damages as defined under the FDCPA, including but not limited to, legal expenses incurred, anger, and other emotional distress.

26. Defedant OSI's actions were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

27. In the alternative, Defendant's OSI's actions were negligent.

## CAUSES OF ACTION

28. Plaintiff repeats, re-alleges, and incorporates by reference all the foregoing paragraphs.

29. Defendant OSI's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. § 1692b(6), 1692c(a)(2), 1692c(b), 1692c(c), 1692d, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692g.

30. As a direct and proximate result of Defendant OSI's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant OSI is liable.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant OSI for:

    a) Statutory damages of $1,000.00 against defendant pursuant to 1692k;

    b) Actual damages in an amount to be determined at trial;

    c) Costs and reasonable attorney's fees pursuant to 1692k; and

    d) Such other relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED this 20th day of September, 2007.

                          **MENGEDOTH LAW FIRM LLC**

                          _____/s Paul B. Mengedoth_____
                          Paul B. Mengedoth (018507)
                          2425 E. Camelback Rd., Ste 600
                          Phoenix, Arizona 85016
                          Attorneys for Plaintiff Scott H. Zwillinger